**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-25147-GAYLES**

**RENE MOTAMORO MORA,**

        **Petitioner**,

v.

**U.S. DEPARTMENT OF**
**HOMELAND SECURITY**,
*et al.*,

        **Respondents.**

_____/

## ORDER DISMISSING PETITION AS MOOT

**THIS CAUSE** comes before the Court on Respondents' Return to Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Response") [ECF No. 5]. In the Response, Respondents alert the Court that Petitioner was released from custody on August 3, 2026. *See id.* at 1.

"Because mootness is jurisdictional," courts "are required to resolve any question implicating the doctrine before" they "assume jurisdiction over" a case. *See Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022). "A cause of action becomes moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quotation marks omitted). "In considering mootness," courts "look at the events at the present time, not at the time the" case "was filed." *See id.* "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019). "So where a habeas petitioner has been released from detention," and "he has not raised a challenge to a collateral consequence," the Eleventh Circuit has held that the

habeas petitioner's case became moot. *See Djadju*, 32 F.4th at 1107 (quotation marks omitted).

In *Djadju*, the Eleventh Circuit instructed that the "fundamental question" in assessing mootness "is whether events have occurred that deprive" the court "of the ability to give" the party "meaningful relief." *See id.* As part of the same decision, the Court answered that question in circumstances similar to those involved in this case: where a habeas petitioner "asked the federal courts for only one form of relief" — "to be immediately released from custody as a result of his ongoing prolonged detention" — and "already has been released from custody, his prayer for relief has been satisfied," and the court is "unable to provide him with any remedy pursuant to § 2241." *See id.* (footnote and quotation marks omitted). For that reason, the Court found that *Djadju* was "a classic case of mootness." *See id.* at 1108.

The same is true here. Petitioner was released from immigration detention on August 3, *see* [ECF No. 5 at 1], so the court can no longer provide him with relief under § 2241. *See Djadju*, 32 F.4th at 1107. As a result, this case has become moot. *See id.* at 1106–07. Accordingly, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED as MOOT**, and this case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of August, 2026.

_____
**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

**cc:**

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov